USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

    Plaintiff,

-against-

MICROSOFT CORPORATION,

    Defendant.

19-CV-6649 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, United States District Judge:

    By order dated August 9, 2019, Chief Judge McMahon dismissed Plaintiff's complaint for lack of subject matter jurisdiction. ECF No. 5. On September 12, 2019, she recused herself from the matter under 28 U.S.C. § 455(b)(4), and directed the Clerk of Court to vacate the order of dismissal and the civil judgment. On September 13, 2019, the matter was reassigned to me.

    For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This complaint, which is very difficult to read, concerns Plaintiff's inability to access documents and email on her computer. She claims that her "work disappeared from the cloud" and that she cannot access her "outlook from email." ECF No. 2. She also appears to struggle with backing up documents. The stress caused by Plaintiff's failed attempts to access her documents and email has exacerbated her underlying medical conditions. She seeks compensation "for the loss of data and the continuing abuse of [her] civil, legal, intellectual property rights." *Id.*

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction or plead facts showing that her claim arises under federal law.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff's allegations show that the amount in controversy cannot be satisfied. The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds $75,000 only if there is "a legal certainty from the complaint that plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew America, Inc.*, 999 F.2d 626, 628-29 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are

3

permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Here, Plaintiff does not allege any facts in the complaint suggesting that she is legally entitled to any money. Because "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," *Ochoa*, 999 F.2d at 629, Plaintiff has not pleaded facts that, if true, would allow her to recover sufficient damages to invoke the Court's diversity jurisdiction. The Court therefore lacks subject matter jurisdiction over this action.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## WARNING

Plaintiff has filed seven other cases in this Court. *See, e.g., Brown v. Apple Corporation*, ECF 1:19-CV-6648, 2 (filed July 16, 2019); *Brown v. HP Inc.*, ECF 1:19-CV-6331, 2 (filed July 8, 2019); *Brown v. CUCS*, ECF 1:19-CV-6330, 2 (filed July 8, 2019); *Brown v. Fios*, ECF 1:19-CV-6329, 2 (filed July 8, 2019); *Brown v. Automattic*, ECF 1:19-CV-6328, 2 (filed July 8,

2019); *Brown v. Rosen*, ECF 1:19-CV-6786, 2 (filed July 22, 2019); *Brown v. Etemao*, ECF 1:19-CV-6286, 5 (S.D.N.Y. Aug. 5, 2019) (dismissed for lack of subject matter jurisdiction). The Court therefore warns Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 30, 2019
New York, New York

LAURA TAYLOR SWAIN
United States District Judge

5